## N. K. Butler & Co. vs. Luther Roll.

*Trover.    Verdict for Defendant, and Motion for a New Trial.*

1st. Between purchasers of personal property, the elder title must prevail, unless it be infected with fraud.

2nd. The possession of the seller after the sale, is not, of itself, evidence of fraud; and that he had a right to redeem the property, is a circumstance to be considered by the Jury, in explanation of the possession.

In this case, *Morrow* made a bill of sale of a negro, sued for, to the defendant, *Roll*, dated on the 21st July, 1836, and at the same time *Morrow* signed a non-descript paper, stating, an agreement, that if he paid *R.* a certain amount, then *Roll* was to let him have the negro back, but this agreement was signed only by *Morrow*: and no proof was made of a delivery from *Morrow* to *Roll*, except the delivery of the bill of sale, and *Roll*, sometime afterwards, had the boy attached and sold, and purchased him at the Sheriff's sale, after the plaintiff's title accrued, on the 26th July, 1836 : five days after this sale to *Roll*, *Morrow* sold the boy to the plaintiff, and executed a bill of sale to *Butler*, and delivered the boy to *Butler*, and *Butler* immediately hired the boy to *Morrow*, and delivered him back to *Morrow*. *Roll* got, and kept possession of the boy sometime after, and retains possession of him. And the above action was brought to recover the boy. And the Jury, after hearing the evidence, found a verdict for the defendant.

The plaintiffs now move for a new trial :

1st. That there was no delivery of the property by *Morrow* to *Roll*, and that *Morrow* continued in possession.

2nd. That the boy was delivered to the plaintiff, at the execution of the bill of sale by *Morrow* to him, and that the plaintiffs' title was complete.

And it is contended, by Gould & Cumming, that a new trial

[Butler & Co. vs. Roll.]

should be granted, as the verdict is contrary to the evidence, as the want of delivery was a fraud on the last purchaser.

MR. MILLER contends, that the delivery of the bill of sale, by *Morrow* to *Roll*, amounts (in Law) to implied delivery of the thing sold; and this, added to the written memorandum signed by *Morrow*, shewing that he was to have the boy back from *Roll*, by paying a certain sum of money, sufficiently accounts for *R.'s* want of possession—and that possession not following and accompanying the deed, is not, *per se*, a fraud, even against creditors, if the same be accounted for to the satisfaction of the Jury. But this is a case between purchasers, and therefore the one who has the elder title will hold the property; and he quotes the following cases:—17 Mass. R. 110. 1 *T.* R. 205. *Buller's* N. P. 258. *Long*, on Sales, 118. Also, 2 *Pick'g.* R. 607.

The Court charged the Jury, that this is a case between purchasers, and that the delivery of the bill of sale was an implied delivery of the property, and as between purchasers, the elder title should prevail, unless they believed the first title was fraudulent. If so, they should find for the plaintiff: but if they believed, that the elder title was not fraudulent, then to find for the defendant; and these were questions for the Jury, and they have passed upon them.

The Court sees no ground on which the verdict should be set aside. A new trial is therefore refused.

JOHN SHLY, JUDGE
*Superior Courts, Middle District, Georgia.*